# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2904-20

S.W.,[1]

    Plaintiff-Appellant,

v.

D.H.,

    Defendant-Respondent.

_____

        Submitted September 19, 2022 – Decided September 29, 2022

        Before Judges Mayer and Enright.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FD-02-0377-21.

        S.W., appellant pro se.

        Respondent has not filed a brief.

PER CURIAM

---

[1] Because the record is sealed, we use the parties' initials. R. 1:38-11.

Plaintiff S.W. appeals from a June 3, 2021 order denying her application for visitation with her minor grandchildren, S.H. and Z.H., under the Grandparents Visitation Statute, N.J.S.A. 9:2-7.1. We affirm.

Defendant D.H. is the children's biological father. The children's biological mother died in August 2020. Plaintiff is the children's maternal grandmother.

For a period of time, the children and defendant had an amicable relationship with plaintiff. Plaintiff would visit the children about once a month.

In October 2020, plaintiff claimed the children began exhibiting sexualized behavior. As a result, plaintiff filed a report against defendant with the Fort Lee Police Department, accusing him of sexually abusing the children.

The Fort Lee Police Department contacted the Bergen County Prosecutor's Office, which then investigated plaintiff's allegations. Defendant and the children were questioned by an individual with the Bergen County Prosecutor's Office. According to defendant, the children were traumatized as a result of the questioning.

The Bergen County Prosecutor's Office and the Fort Lee Police Department found no evidence of sexual abuse, closed the case, and released the children to defendant's custody. Additionally, the Division of Child Protection

and Permanency (DCPP) investigated and found plaintiff's allegations unsubstantiated.

Since reporting defendant to the police, plaintiff has not seen her grandchildren except briefly on one occasion. In November 2020, plaintiff filed a verified complaint requesting grandparent visitation with the children.

On December 22, 2020, Judge Michael Antoniewicz conducted a case management conference. Only plaintiff attended this court conference. Judge Antoniewicz stated he received letters from the DCPP and the Bergen County Prosecutor's Office indicating the case was closed and neither entity had any concerns regarding the children. The judge further explained plaintiff had to demonstrate, by a preponderance of the evidence, that visitation was necessary to avoid harm to the children. The judge stressed plaintiff had to "show identifiable harm specific to the child[ren], to justify interference with a fundamental due process right of a parent to raise the children free from any interference."

Before concluding the conference, the judge asked if plaintiff had an evaluation or "some evidence that shows that the children will be harmed" absent grandparent visitation. When plaintiff responded she intended to provide "personal testimony" to meet her burden, Judge Antoniewicz noted "that may

not be enough," and explained grandparents often retain "some type of evaluator" to determine the children would be harmed.

Plaintiff then requested the children be evaluated. The judge advised she would have to retain an evaluator and pay for the evaluator's services. Judge Antoniewicz emphasized "conclusory or generic claims [were] not sufficient" to demonstrate the requisite harm in support of the right to grandparent visitation.

At this conference, plaintiff asked if the judge could schedule a mediation to address the issue. Judge Antoniewicz indicated the court would try to schedule a mediation, but mediation would not be possible if defendant declined to participate. If mediation could not proceed, the judge told plaintiff he would hear her testimony, "and then make a decision on the case." Plaintiff thanked the judge for explaining the process.

Subsequently, plaintiff retained an attorney. At a court hearing on February 9, 2021, plaintiff, her attorney, and defendant appeared before Judge Antoniewicz. Defendant stated his objections to plaintiff's visitation with the children. He explained he could not let the children see plaintiff because she was "crazy," made "false allegations," and "put [the] children in harm's way." Defendant also told the judge plaintiff's own daughter, the children's mother, "didn't want [plaintiff] around the kids."

A-2904-20

Plaintiff's attorney then addressed the ability to obtain an expert since it appeared the matter would have to be tried. Counsel and the judge agreed that plaintiff retaining her own expert would be quicker than using the Bergen County Center for Evaluations. Counsel agreed to discuss the expert options with plaintiff but indicated plaintiff "want[ed] to move this [a]long, because it ha[d] been quite a while since [plaintiff saw] her grandchildren."

At the conclusion of the February 9, 2021 conference, Judge Antoniewicz ordered the exchange of discovery and mediation. Because defendant refused to participate in mediation, the judge scheduled trial for February 24, 2021.

Plaintiff's attorney was not ready to proceed on February 24 but indicated her readiness to begin the trial the next day. At the February 24, 2021 proceeding, plaintiff requested permission to retain an expert and the judge denied her request.

After several adjournments, Judge Antoniewicz heard trial testimony on March 29, 2021. The judge's staff contacted defendant regarding his appearance at the March 29 hearing. Defendant advised he would not participate in the hearing and believed plaintiff was withdrawing her application. Because the judge did not know if defendant was willing to allow plaintiff to see the children, he instructed plaintiff to proceed with her testimony. Even though defendant

5

declined to participate in the trial, Judge Antoniewicz explained plaintiff still bore the burden of proving her entitlement to grandparent visitation under the statute.

The only testimony over the course of the two hearing days, March 29 and April 8, 2021, came from plaintiff. She provided no expert testimony or report despite having at least one month between February 24 and start of the trial to obtain an expert evaluation in support of her application.

At the conclusion of the testimony, Judge Antoniewicz set forth his findings of facts and conclusions of law in an April 8, 2021 decision from the bench and in a June 3, 2021 supplemental written decision. He denied grandparent visitation, finding plaintiff had a "significantly fractured" relationship with defendant due to plaintiff's sexual abuse allegations against defendant. The judge concluded plaintiff failed to accept the findings of the three investigatory bodies rejecting her sexual abuse allegations. The judge determined granting visitation would only lead to a "greater schism" between plaintiff and defendant, which would ultimately harm the children. Thus, Judge Antoniewicz held plaintiff "failed to meet the burden of showing a specific identifiable harm required by the case law" and denied plaintiff's application for visitation with her grandchildren. In his June 3, 2021 written decision, Judge

A-2904-20

Antoniewicz detailed the reasons why plaintiff failed to prove by a preponderance of the evidence her satisfaction of the factors under N.J.S.A. 9:2-7.1 to justify grandparent visitation.

On appeal, plaintiff argues the judge erred because she met her burden of proof and demonstrated the children would be harmed if she was not allowed visitation with them. In support of her contention, plaintiff claims the children would lose a loving relationship with their grandmother, the children were at-risk of further sexual abuse by defendant, and the children would be alienated from their maternal family. Plaintiff also asserts the judge abused his discretion in curtailing discovery and denying her request to obtain an expert.

We disagree and affirm for the cogent and thorough reasons stated by Judge Antoniewicz on the record on April 8, 2021 and in his June 3, 2021 written decision. We add only the following comments.

The Grandparents Visitation Statute requires an applicant prove "by a preponderance of the evidence that the granting of visitation is in the best interests of the child." N.J.S.A. 9:2-7.1(a). In deciding a grandparent visitation application, the trial court considers the following factors:

> (1) The relationship between the child and the applicant;

A-2904-20

(2) The relationship between each of the child's parents or the person with whom the child is residing and the applicant;

(3) The time which has elapsed since the child last had contact with the applicant;

(4) The effect that such visitation will have on the relationship between the child and the child's parents or the person with whom the child is residing;

(5) If the parents are divorced or separated, the time sharing arrangement which exists between the parents with regard to the child;

(6) The good faith of the applicant in filing the application;

(7) Any history of physical, emotional or sexual abuse or neglect by the applicant; and

(8) Any other factor relevant to the best interests of the child.

[N.J.S.A. 9:2-7.1(b).]

In Moriarty v. Bradt, 177 N.J. 84, 116 (2003), our Supreme Court held that "a dispute between a fit custodial parent and the child's grandparent is not a contest between equals. . . . [T]he best interest standard . . . is inapplicable when a fit parent is in a struggle . . . with a third party." Applicants for grandparent visitation must show the child would suffer some identifiable harm if grandparent visitation rights were curtailed. Id. at 115; see also Mizrahi v.

Cannon, 375 N.J. Super. 221, 234 (App. Div. 2005). Grandparents are required to make a "clear and specific allegation of concrete harm to the children." Daniels v. Daniels, 381 N.J. Super. 286, 294 (App. Div. 2005). Conclusory, generic harm, such as loss of happy memories, is insufficient for the courts to intrude on a fit parent's decision-making on behalf of his child. Mizrahi, 375 N.J. Super. at 234.

Here, based on substantial and credible evidence, Judge Antoniewicz found plaintiff failed to demonstrate visitation with her grandchildren was in their best interest or that the absence of visitation would cause the children to suffer identifiable harm. Plaintiff proffered only conclusory, generic harm to the children, which Judge Antoniewicz explained to plaintiff during the December 22, 2020 conference would likely be insufficient to award grandparent visitation.

While plaintiff argues defendant has alienated the children from the maternal side of the family by refusing her visitation, any potential alienation is outweighed by the harm caused by plaintiff's continued allegation that defendant is sexually abusing the children and her adamant rejection of contrary findings by the Bergen County Prosecutor's Office, the Fort Lee Police Department, and the DCPP. Further, while not allowing plaintiff to visit, defendant continues to

take the children to family events for their maternal relatives, such as a birthday party for a maternal cousin.

We also reject plaintiff's argument that the judge abused his discretion by declining her request to retain an expert. Judge Antoniewicz informed plaintiff during the December 2020 conference that her testimony alone might not satisfy her burden of proof for grandparent visitation. Subsequent to that conference, plaintiff retained an attorney who could have counseled plaintiff as to the benefit of providing expert testimony in support of her application. In fact, plaintiff's counsel indicated during the February 9, 2021 court conference that she would confer with plaintiff about retaining an expert. At no time between the filing of the verified complaint in November 2020 and the start of trial on March 29, 2021, did plaintiff retain an expert to support her claim that the children would suffer concrete, identifiable harm if the judge denied grandparent visitation.

Nor do we agree with plaintiff's claim that the judge abused his discretion by providing inadequate time to conduct discovery. Plaintiff fails to explain what discovery, other than an expert report, would have aided her application for grandparent visitation.

On the issue of retaining an expert to evaluate identifiable harm to the children absent grandparent visitation, we are satisfied plaintiff had more than

10

ample time to retain her own expert. Plaintiff's belated January 24, 2021 request to pursue an evaluation by the Bergen County Center for Evaluations would have caused the children to suffer additional harm because the facility required several months to complete an evaluation, which would have inordinately delayed resolution of the case.

Moreover, plaintiff's attorney stated she would be ready to proceed with the trial on February 25, 2021. Significantly, trial did not begin until March 29, 2021. Therefore, we are satisfied plaintiff had more than sufficient time to present evidence in support of her application.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-2904-20